# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| ELHAM SATAKI,<br><br>   Plaintiff,<br><br>    v.<br><br>BROADCASTING BOARD OF<br>GOVERNORS, *et al.*,<br><br>   Defendants. | Civil Action No. 10-534 (CKK) |

## MEMORANDUM OPINION
(July 7, 2010)

Presently pending before the Court is Plaintiff's pleading captioned "Plaintiff, Elham Sataki's Motion and Memorandum to Chief Judge and Judge Kollar-Kotelly to Reassign and Remand Case, by Consent or Otherwise, to Prior Trial Judge Richard W. Roberts, or in the Alternative, to Assign Sataki Cases to Another Trial Judge Through Random Assignment System," (hereinafter, "Pl.'s Mot. to Reassign"). *See* Docket No. [42]. As set forth therein, Plaintiff requests that this Court, or alternatively, Chief Judge Royce C. Lamberth, reassign this case, as well as a related civil action, *Sataki v. Falahati*, 10cv466 (CKK), to a different trial judge. Defendants have filed an Opposition to Plaintiff's Motion to Reassign. *See* Docket No. [53]. Plaintiff declined to file a Reply. The Court has thoroughly considered Plaintiff's Motion, Defendants' Opposition, the relevant case law and legal authority, and the record of this case as a whole. For the reasons set forth below, the Court finds that Plaintiff has failed to identify any legitimate grounds warranting reassignment of this case or the related civil action. Similarly, to the extent Plaintiff's Motion to Reassign may be construed as seeking recusal of this Court

pursuant to 28 U.S.C. §§ 455(a) & (b), the Court finds that recusal is neither warranted nor required. Accordingly, the Court shall DENY Plaintiff's [42] Motion to Reassign.

## BACKGROUND

Plaintiff seeks reassignment of the above-captioned case and the related civil action, *Sataki v. Falahati*, 10cv466 (CKK). Both actions stem from allegations that Plaintiff was sexually harassed and assaulted by a co-worker at the Persian News Network and that her employer, the Broadcasting Board of Governors ("BBG"), as well as several members and employees of the BBG, unlawfully facilitated the alleged sexual harassment, actively attempted to cover up the incidents of harassment, interfered with the investigation of her administrative complaint, and retaliated against her for complaining about her co-worker's harassing conduct as well as for criticizing BBG's management and mission.

Plaintiff initially filed suit against her alleged harasser, Mehdi Falahati, on March 1, 2010, in the Superior Court of the District of Columbia. That case was subsequently removed to the United States District Court for the District of Columbia on March 19, 2010, upon the certification of Rudolph Contreras, Chief of the Civil Division, United States Attorney's Office for the District of Columbia, pursuant to 28 U.S.C. § 2679(d)(2), that Mr. Falahati was acting within the scope of his employment when he allegedly engaged in the conduct complained of by Plaintiff. *See Sataki v. Falahati*, Civ. Act. No. 10-466 (CKK), Notice of Removal, Docket No. [1]. The action was then randomly assigned to the undersigned by the Calendar and Case Management Committee ("Calendar Committee"). Plaintiff did not file any objection to the Notice of Removal, and the case remains pending at this time. *See Sataki v. Falahati*, Civ. Act. No. 10-466 (CKK).

On April 2, 2010, Plaintiff filed the above-captioned lawsuit against BBG and several members and employees of the BBG, both in their official as well as their individual capacities. From the Court's review of the docket in this case, Plaintiff initially filed a Notice of Related case, indicating her belief that this action was related to *Safavi v. BBG*, Civil Action No. 08-1225, then pending before Judge Ellen S. Huvelle. *See* Pl.'s Notice of Related Case, Docket No. [2]. However, it appears that the case was deemed not to be a related action and was therefore reassigned, at random and at the direction of the Calendar Committee, to Judge Richard W. Roberts. *See* Reassignment of Civil Case, Docket No. [3]. On May 20, 2010, while the case remained pending before Judge Roberts and before counsel for Defendants had yet entered an appearance, Plaintiff filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction. Counsel for Defendants thereafter entered an appearance on May 21, 2010, and on May 24, 2010, prior to resolution of Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction, filed a [10] Notice of Related Case, advising Judge Roberts that this action was related to *Sataki v. Falahati*, Civ. Act. No. 10-466 (CKK). Plaintiff did not file an objection to the Notice of Related Case. Accordingly, the above-captioned case was reassigned to this judge by the Calendar Committee on May 25, 2010. *See* Docket No. [29] (Reassignment of Civil Case).

By Memorandum Opinion and Order dated June 1, 2010, this Court denied Plaintiff's request for a temporary restraining order. *See Sataki v. BBG*, __ F. Supp. 2d __, 2010 WL 2195799 (D.D.C. June 1, 2010). Plaintiff's request for a preliminary injunction was held in abeyance and currently remains pending. *See id.* Plaintiff filed her now-pending Motion to Reassign on June 9, 2010. *See* Docket No. [42]. Defendants filed their Opposition to Plaintiff's

Motion to Reassign on June 25, 2010.  *See* Docket No. [53].  Plaintiff declined to file a Reply.  As such, Plaintiff's Motion is fully ripe and ready for the Court's resolution.

**LEGAL STANDARDS AND DISCUSSION**

    *A.    Plaintiff's Civil Actions were Properly Assigned to this Court, and Plaintiff has not Demonstrated that Reassignment Pursuant to LCvR 40.6(a) is Appropriate*

Both the above-captioned action and the related civil action, *Sataki v. Falahati*, were properly assigned to this Court by the Calendar Committee.  First, with respect to Plaintiff's initial lawsuit filed against Mr. Falahati, the case was randomly assigned to this Court by the Calendar Committee in compliance with the procedures set forth in the Local Civil Rules of this Court.  Second, with respect to the above-captioned case, it was appropriately reassigned to this Court as a related civil action pursuant to LCvR 40.5(a)(3) (providing that civil actions are deemed related "when the earliest [action] is still pending on the merits in the District Court" and, *inter alia*, the cases "involve common issues of fact" or "grow out of the same event or transaction").  Plaintiff did not object to the designation of this case as a related case, as permitted by LCvR 40.5(c)(3).  Nor does she now argue that the case was improperly designated as a related case, *see generally* Pl.'s Mot., and with good reason, as the civil actions clearly involve common issues of fact relating to Plaintiff's allegations of sexual harassment and arise out of the same event, namely, Mr. Falahati's alleged harassment of Plaintiff and the Defendants' response thereto.

Receiving no objection from Plaintiff, Judge Roberts subsequently transferred the case to the Calendar Committee for reassignment to this Court, which had been previously assigned the earlier-filed case.  *See* LCvR 40.5(c)(2) ("Where the existence of related cases in this court is

4

revealed after the cases are assigned, the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case."). Finding that "good cause exists for the transfer," the Calendar Committee then assigned the case to this Court pursuant to Local Civil Rule 40.5(c)(2). Plaintiff did not object to reassignment of this case nor does she now argue that reassignment of this case was not done in compliance with the Local Rules. It is therefore undisputed that both civil actions were properly assigned to this Court by the Calendar Committee. As such, the Court finds no reason to reassign this case, by consent or otherwise, pursuant to Local Civil Rule 40.6(a).

> B. *To the Extent Plaintiff's Motion May be Construed as a Motion for Recusal Pursuant to 28 U.S.C. § 455(a), the Court Finds that Recusal is Neither Required nor Warranted*

As noted above, Plaintiff's Motion to Reassign is explicitly framed as a motion for reassignment of this case pursuant to Local Civil Rule 40.6. *See* Pl.'s Mot. at 5-6. As Defendants note, however, Plaintiff's Motion may also be construed as seeking recusal of this Court pursuant to 28 U.S.C. § 455. Specifically, Plaintiff's Motion appears to suggest that recusal is appropriate under section 455(a), which provides that a federal judge shall disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned," and/or section 455(b), which provides that a federal judge shall also disqualify herself where, *inter alia*, she "has a personal bias or prejudice concerning a party." Because section 455 "imposes a duty directly upon the judge to evaluate [her] own conduct," *United States v. Heldt*, 668 F.2d 1238, 1271 (D.C. Cir. 1981), the Court shall briefly address whether recusal is warranted in this case, notwithstanding the ambiguity in Plaintiff's present motion.

The standard for recusal under 455(a) is an "objective" one: "Recusal is required when 'a

5

reasonable and informed observer would question the judge's impartiality.'" *S.E.C. v. Loving Spirit Found. Inc.*, 392 F. 3d 486, 493 (D.C. Cir. 2004) (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001), *cert. denied*, 534 U.S. 952 (2001)). Under section 455(b)(1), bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from h[er] participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). The Court finds that recusal is neither warranted nor appropriate under either section.

First, Plaintiff appears to indicate that recusal is necessary based upon this Court's judicial decisions — both in the above-captioned case as well as in two unrelated civil actions in which Plaintiff's counsel was or is involved, specifically, *Tooley v. Bush*, Civ. Act. No. 06-306 (CKK) and *Klayman v. Judicial Watch*, Civ. Act. No. 06-670 (CKK). *See* Pl.'s Mot. at 2-5. It is well established, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). As the Supreme Court has observed, judicial rulings by themselves "cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* Dissatisfaction with a court's rulings "almost invariably" provides a proper ground for appeal — **not** for recusal. *Id.* In addition, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Thus, to the extent Plaintiff merely complains that the Court has ruled unfavorably against her counsel in prior judicial decisions, without identifying any improper

reliance by the Court on extrajudicial facts or evidence, such complaints are not proper grounds for recusal.

Review of the decisions identified by Plaintiff confirms that any claims of bias, actual or otherwise, based on these decisions is wholly without merit. Plaintiff complains that this Court previously dismissed the complaint in *Tooley v. Bush*, in which Plaintiff's present counsel also served as counsel of record for the plaintiff. Pl.'s Mot. at 2. Plaintiff contends that this Court improperly "dismissed a colorable lawsuit . . . based, obviously in part, on extrajudicial reports not in the court record." *Id.* Plaintiff, however, does not specifically identify what purported "extrajudicial reports" the Court allegedly relied on in that case nor does review of the Court's opinion in *Tooley* support Plaintiff's claim that the decision was based, in part, on alleged extrajudicial reports. Indeed, the Court's decision dismissing the complaint in *Tooley* was ultimately affirmed by the D.C. Circuit, which held that "the allegations of Tooley's complaint constitute the sort of patently insubstantial claims" warranting dismissal. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009). The D.C. Circuit therefore held that this Court "was correct in its judgment of dismissal." *Id.*

Similarly, Plaintiff complains about this Court's decisions in the civil action, *Klayman v. Judicial Watch*, to which Plaintiff's present counsel is a party. *See* Pl.'s Mot. at 3-4. The Court has previously addressed counsel's complaints regarding the Court's judicial decisions in that case and has found them to be wholly without merit and insufficient to either warrant or require recusal. *See Klayman v. Judicial Watch, Inc.*, 628 F. Supp. 2d 98 (D.D.C. 2009). Plaintiff offers no reason why the Court should reconsider its conclusion that its judicial decisions in that case do not support a finding of bias, actual or otherwise, and the Court itself can divine none.

7

Plaintiff also appears to complain that the Court's decisions in the above-captioned case support a finding of bias because the decisions have been unfavorable to her. *See* Pl.'s Mot. at 4-5. This argument is also without merit. While Plaintiff may displeased with the Court's rulings, that alone does not provide a proper ground for recusal. *Liteky*, 510 U.S. at 555. "[I]f disqualification were required 'merely as a result of counsel's disagreement with judicial conclusions reached in the course of litigation, the judicial system would grind to a halt." *Loving Spirit*, 392 F. 3d at 494 (quoting *Barnett v. City of Chicago*, 952 F. Supp. 1265, 1269 (N.D. Ill. 1998)). Accordingly, the Court finds that neither its rulings in this case or in the two unrelated matters identified by Plaintiff "constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555.

Second, Plaintiff suggests that recusal is necessary because the undersigned was nominated to the Federal Bench by a Democratic administration. Pl.'s Mot. at 3. However, the case law is clear that recusal is not warranted in this circumstance. *See Karim-Panahi v. U.S. Congress*, No. 03-5186, 2004 WL 1588167, *4 (D.C. Cir. Jul. 14, 2004) (affirming lower court's denial of motion for recusal based on allegations that the judge was "biased because of her 'political-religious connections' and her alleged loyalty to those who selected, confirmed and appointed her"); *see also MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 138 F.3d 33, 38 (2d Cir. 1998), *cert. denied*, 525 U.S. 874 (1998) (plaintiff's[1] allegation that "a judge is not impartial solely because an attorney is embroiled in a controversy with the administration that appointed the judge" is insufficient grounds for recusal). As the Second Circuit has persuasively stated,

---

[1] The Court notes that Plaintiff's counsel was also counsel of record for the plaintiff in the *MacDraw* litigation. *See MacDraw*, 138 F.3d at 35.

8

> Judges generally have political backgrounds to one degree or another but must be presumed, absent more, to be impartial. At least in the federal system, judges separate themselves from politics when going on the bench, and their life tenure reduces any felt reliance on political patrons. Indeed, a suggestion of partiality based on the appointing administration may often be a double-edged sword. If a Democratic appointee's impartiality toward lawyers publicly identified as active Republicans may be questioned, a Republican appointee's impartiality toward lawyers' adversaries might similarly be questioned on the ground that a Republican judge might favor the Republican lawyers.

*MacDraw*, 138 F.3d at 38. Indeed, courts have held that recusal is not warranted even when the President responsible for nominating the judge is actually a ***party*** to the litigation. *See, e.g.*, *In re Executive Office of President*, 215 F.3d 25, 25 (D.C. Cir. 2000) ("Hearing a case involving the conduct of the President who appointed me will not create in reasonable minds, with knowledge of all relevant circumstances that a reasonable inquiry would disclose, a perception that [my] ability to carry out judicial responsibilities with integrity, impartiality, and competence [would be] impaired.") (internal citation and quotation marks omitted). *Cf. Reddy v. O'Connor*, 520 F. Supp. 2d 124, 128 (D.D.C. 2007) (Bates, J.) (in case involving Chief Justice John Roberts, concluding that "no reasonable and informed observer would question the impartiality of the undersigned based on the Chief Justice's appointment of the undersigned [Judge John D. Bates] to the [Foreign Intelligence Surveillance Court]."). Accordingly, Plaintiff's unfounded allegations of political bias do not warrant or require recusal in the instant case.

The Court therefore concludes that recusal is neither warranted nor required, whether Plaintiff's claims of bias are examined singly or as a whole. Plaintiff's allegation that recusal is warranted or that an appearance of bias against her has been created completely lack merit. Moreover, the Court is satisfied, upon its own independent review of the record, that no reasonable and informed observer would question this Court's impartiality. To the extent

9

Plaintiff's Motion to Reassign may therefore be construed as seeking recusal of the undersigned judge pursuant to 28 U.S.C. §§ 455(a) & (b), the motion is therefore denied.

Finally, as noted above, Plaintiff's Motion to Reassign, as drafted by counsel, is directed not only to this Court, but as well to Chief Judge Royce C. Lamberth in his capacity as Chief Judge for the United States District Court for the District of Columbia. The undersigned has alerted Chief Judge Lamberth to Plaintiff's Motion to Reassign and has been advised that Chief Judge Lamberth shall address Plaintiff's Motion, to the extent it is directed at him in his capacity as Chief Judge, by separate response.

## CONCLUSION

For the reasons set forth above, the Court shall DENY Plaintiff's [42] Motion to Reassign. An appropriate Order accompanies this Memorandum Opinion.

Date: July 7, 2010

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge