# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELHAM SATAKI,

    *Plaintiff*,

    v.

BROADCASTING BOARD OF
GOVERNORS, *et al.*,

    *Defendants*.

Civil Action No. 10-00534 (CKK)

## MEMORANDUM OPINION
(October 22, 2010)

    This action stems from allegations that Plaintiff was sexually harassed and assaulted by a

co-worker at the Persian News Network and that her employer, the Broadcasting Board of

Governors (the "BBG"), as well as several members and employees of the BBG, unlawfully

facilitated the alleged sexual harassment, actively attempted to cover up the incidents of

harassment, interfered with the investigation of her administrative complaint, and retaliated

against her for complaining about her co-worker's harassing conduct as well as for criticizing

BBG's management and mission.[1]  Plaintiff also asserts that Defendants denied her request for a

reasonable medical accommodation in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§

701 *et seq.*, and failed to timely produce records requested by Plaintiff in violation of the Privacy

Act of 1974, 5 U.S.C. §§ 552a *et seq.*  Presently before the Court is Defendants' [45] Motion to

---

[1]  In addition to the BBG, Plaintiff brought suit against several Governors and BBG
employees, as well as the Secretary of State.  The individual defendants are Blanquita Cullum,
Joaquin Blaya, D. Jeffrey Hirschberg, Steven J. Simmons, Hillary Rodham Clinton, Janice A.
Brambilla, Paul Kollmer-Dorsey, Alex Belida, Ali Sajjadi, Susan Jackson, Joy Wagner, Michelle
Stewart, and Susah Shand (collectively with the BBG, "Defendants").

Dismiss or in the Alternative for Summary Judgment. Plaintiff has failed to oppose or otherwise respond to Defendants' Motion. Accordingly, for the reasons set forth below, the Court shall GRANT-IN-PART Defendants' [45] Motion as conceded with respect to Count VI, and DENY-IN-PART Defendant's Motion as moot with respect to Counts I, II, III, IV, and V, which Plaintiff has already voluntarily dismissed from this action.

## I. BACKGROUND[2]

In the Amended Complaint, Plaintiff asserts seven separate claims in connection with her employment with the BBG. *See* Am. Compl., Docket No. [35]. Those claims may be briefly summarized as follows:

- **COUNT I – FIRST AMENDMENT CLAIM.** Plaintiff alleges that Defendants infringed her right to free speech in violation of the First Amendment by retaliating against her for her personal political views, her criticism of Voice of America management and failure to adhere to its mission to promote freedom in Iran, and other unspecified speech (the "First Amendment Claim"). *Id.* ¶¶ 10-12.[3]

- **COUNT II – FIFTH AMENDMENT CLAIM.** Plaintiff alleges that Defendants violated her Fifth Amendment right to due process by "covering up and deny[ing] her relief for sexual harassment," "retaliating against her to try and keep her quiet, destroy her mentally and physically and to force her out," and by tampering with, intimidating, and obstructing material witnesses to the alleged sexual harassment (the "Fifth Amendment Claim"). *Id.* ¶¶ 13-15.

---

[2] The Court shall assume familiarity with its prior decisions in this case, which set forth in detail the factual background and procedural history of this case, *see Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2195799 (D.D.C. June 1, 2010); *Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2679893 (D.D.C. July 7, 2010); *Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2679901 (D.D.C. July 7, 2010); *Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d. __, 2010 WL 3999088 (D.D.C. Oct. 13, 2010), and shall therefore address only the factual and procedural background necessary for resolution of the motion now before the Court.

[3] Although misnumbered, the Court shall refer to the paragraph numbers used in the Amended Complaint.

- **COUNT III – FOURTEENTH AMENDMENT CLAIM.**  Plaintiff alleges that Defendants impermissibly discriminated against her on the basis of her gender and national origin, facilitated the acts of sexual harassment, and retaliated against her for exercising her constitutional rights in violation of the Fourteenth Amendment's Equal Protection Clause (the "Fourteenth Amendment Claim").  *Id.* ¶¶ 16-18.

- **COUNT IV – FOURTH AMENDMENT CLAIM.**  Plaintiff alleges that Defendants violated her Fourth Amendment right to be secure in her person and property by allowing her co-worker to assault and sexually harass her and by unlawfully "confiscating" her paychecks (the "Fourth Amendment Claim").  *Id.* ¶¶ 19-22.

- **COUNT V – REHABILITATION ACT CLAIM.**  Plaintiff alleges that Defendants denied her request for a reasonable medical accommodation to be detailed to the Voice of America Los Angeles office in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.* (the "Rehabilitation Act Claim").  *Id.* ¶¶ 23-28.

- **COUNT VI – PRIVACY ACT CLAIM.**  Plaintiff alleges that Defendants failed to timely produce records she requested in violation of the Privacy Act of 1974, 5 U.S.C. § 552a *et seq.* (the "Privacy Act Claim").  *Id.* ¶¶ 28-31.

- **COUNT VII – WAGNER INJUNCTIVE RELIEF.**  Plaintiff alleges that she is entitled to interim injunctive relief during the pendency of an administrative proceeding and this litigation under *Wagner v. Taylor*, 836 F.2d 566 (D.C. Cir. 1987) (the "*Wagner* Injunctive Relief").  *Id.* ¶¶ 31-33.

Early in this action, Plaintiff filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction.  *See* Docket No. [11].  By Memorandum Opinion and Order dated June 1, 2010, this Court denied Plaintiff's request for a temporary restraining order.  *See Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2195799 (D.D.C. June 1, 2010).  By Memorandum Opinion and Order dated July 7, 2010, the Court also denied Plaintiff's request for a preliminary injunction.  *See Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2679901 (D.D.C. July 7, 2010).  In the course of rendering these two decisions, the Court held, *inter alia*, that Plaintiff was not entitled to *Wagner* Injunctive Relief because Plaintiff failed to

show irreparable harm, a substantial likelihood of success on the merits, or the balance of the equities in her favor, and because the relief she sought would in fact alter, rather than preserve, the *status quo*. *Id.* at *15-24. Significantly, Plaintiff did not appeal the Court's decision denying her request for preliminary relief.

Thereafter, on June 15, 2010, Defendants moved to dismiss five of the seven claims in this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6);[4] Defendants simultaneously moved for summary judgment on a sixth claim – *i.e.*, Plaintiff's Privacy Act Claim (Count VI). *See* Defs.' Notice of Mot. to Dismiss or in the Alternative for Summ. J., Docket No. [45], at 1-2. With respect to the Privacy Act Claim, Defendants asserted that Plaintiff could not recover under the Privacy Act because she failed to exhaust her administrative remedies by bringing suit prior to a final determination and without first filing an administrative appeal. *See* Defs.' Mem. in Supp. of Mot. to Dismiss or in the Alternative for Summ. J., Docket No. [45], at 17-18. Defendants also argued that Plaintiff's request for certain records actually fell under the Freedom of Information Act, 5 U.S.C. §§ 552 *et seq.*, and Plaintiff failed to exhaust her administrative remedies under that statute as well. *See id.* at 18-21.

On July 14, 2010, Plaintiff moved for a two-week extension of time to respond to Defendants' Motion to Dismiss. *See* Pl.'s Mot. for Extension, Docket No. [64]. By Minute Order, Defendant was granted an extension to and including July 28, 2010 to file her opposition papers. *See* July 27, 2010 Min. Order. However, Plaintiff, who is represented by counsel in this

---

[4] Specifically, Defendants moved to dismiss Plaintiff's First Amendment Claim (Count I), Fifth Amendment Claim (Count II), Fourteenth Amendment Claim (Count III), and Fourth Amendment Claim (Count IV). *See* Defs.' Notice of Mot. to Dismiss or in the Alternative for Summ. J., Docket No. [45].

action, failed to file any response by July 28, 2010, or at any time thereafter.  As of the date of

this Memorandum Opinion and the accompanying Order, the docket reflects that no response has

been filed by Plaintiff.

Instead of filing an opposition to Defendants' Motion to Dismiss, Plaintiff voluntarily

dismissed without prejudice five of the seven claims asserted in the Amended Complaint.  *See*

Pl.'s Notice of Voluntary Dismissal of Certain Counts Without Prejudice, Docket No. [67]; Pl.'s

Errata to Correct Notice of Voluntary Dismissal, Docket No. [68].  Specifically, Plaintiff

dismissed her First Amendment Claim (Count I), her Fifth Amendment Claim (Count II), her

Fourteenth Amendment Claim (Count III), her Fourth Amendment Claim (Count IV), and her

Rehabilitation Act Claim (Count V), leaving as open "claims" in this action only Plaintiff's

Privacy Act Claim (Count VI) and her request for *Wagner* Injunctive Relief (Count VII).[5]  *Id.*

## II.  LEGAL STANDARD

Under Local Civil Rule LCvR 7(b), if a party fails to file a memorandum of points and

authorities in opposition to a motion "within the prescribed time, the Court may treat the motion

as conceded."  *See also Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 577

(D.C. Cir. 1997) (a district court may in its discretion "rel[y] on the absence of a response as a

basis for treating [a] motion as conceded").  The D.C. Circuit Court of Appeals has explained

that this rule "is a docket-management tool that facilitates efficient and effective resolution of

motions by requiring the prompt joining of issues."  *Fox v. Am. Airlines*, 389 F.3d 1291, 1294

---

[5]  Plaintiff's original Notice of Voluntary Dismissal, dated July 28, 2010, also included
Plaintiff's Privacy Act Claim (Count VI), but Plaintiff subsequently filed an Errata with the
Court indicating that the claim was only "inadvertently" included.  *See* Pl.'s Errata to Correct
Notice of Voluntary Dismissal, Docket No. [68].

(D.C. Cir. 2004). The decision of whether to enforce the rule "lies wholly with the district court." *Fed. Deposit Ins. Co. v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997) (reviewing a predecessor to Local Civil Rule LCvR 7(b)).

## III. DISCUSSION

On July 14, 2010, Plaintiff moved for a two-week extension of time to respond to Defendants' Motion, *see* Pl.'s Mot. for Extension, Docket No. [64], and the Court granted Plaintiff an extension to and including July 28, 2010, *see* July 27, 2010 Min. Order. Nevertheless, Plaintiff, who is represented by counsel in this action, failed to file any response by the designated date, or indeed, at any time thereafter. Now, almost three months later, the docket reflects that no response has been filed by Plaintiff. Defendants' Motion has been outstanding for over four months.[6]

Accordingly, pursuant to Local Civil Rule LCvR 7(b), the Court shall GRANT-IN-PART Defendants' [45] Motion as conceded with respect to Count VI, and DENY-IN-PART Defendant's Motion as moot with respect to Counts I, II, III, IV, and V, which Plaintiff has voluntarily dismissed from this action in the time since Defendants first filed their motion. Additionally, because the only remaining "claim" in this action relates to Plaintiff's request for *Wagner* Injunctive Relief (Count VII), and because the Court denied that request on July 7, 2010 – a decision Plaintiff elected not to appeal – there are no viable claims remaining in this action.

---

[6] Plaintiff's failure to respond is consistent with a broader history of dilatory practices in this action, including Plaintiff's filing of a self-styled "Motion and Memorandum to Chief Judge and Judge Kollar-Kotelly to Reassign and Remand Case, by Consent or Otherwise, to Prior Judge Richard W. Roberts, or in the Alternative, to Assign Sataki Cases to Another Trial Judge Through Random Assignment System," Docket No. [42], and a subsequent Motion to Disqualify the Court Pursuant to 28 U.S.C. § 144, Docket No. [66].

Therefore, this action shall be DISMISSED in its entirety and administratively closed.

An appropriate Order accompanies this Memorandum Opinion.

Date:   October 22, 2010

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge