**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |  |
|---|---|
| ELHAM SATAKI,<br><br>   *Plaintiff*,<br><br>   v.<br><br>BROADCASTING BOARD OF<br>GOVERNORS, *et al.*,<br><br>   *Defendants*. | Civil Action No. 10-00534 (CKK) |

**MEMORANDUM OPINION**
(December 21, 2010)

Presently before the Court is Plaintiff's [79] Motion for Reconsideration, pursuant to which Plaintiff seeks reconsideration of this Court's [77] Order (the "Dismissal Order") granting-in-part and denying-in-part Defendants' dispositive motion and dismissing the action. For the reasons set forth below, the Court shall DENY Plaintiff's Motion for Reconsideration.

**I.  BACKGROUND**

Despite being of relatively recent vintage, this action has been the subject of a number of prior decisions by this Court.[1] The Court here assumes familiarity with those decisions, which set forth in detail the history of this case, and shall therefore address only the factual and procedural background necessary for resolution of the motion now before the Court.

---

[1] *See Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2195799 (D.D.C. June 1, 2010); *Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2679893 (D.D.C. July 7, 2010); *Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2679901 (D.D.C. July 7, 2010); *Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d. __, 2010 WL 3999088 (D.D.C. Oct. 13, 2010); *Sataki v. Broad. Bd. of Governors*, Slip Copy, 2010 WL 4260197 (D.D.C. Oct. 22, 2010).

*A. Plaintiff's Amended Complaint*

This action stems from allegations that Plaintiff was sexually harassed and assaulted by a co-worker at the Persian News Network and that her employer, the Broadcasting Board of Governors (the "BBG"), as well as several members and employees of the BBG, unlawfully facilitated the alleged sexual harassment, actively attempted to cover up the incidents of harassment, interfered with the investigation of her administrative complaint, and retaliated against her for complaining about her co-worker's harassing conduct as well as for criticizing BBG's management and mission. In her Amended Complaint, Plaintiff asserted seven separate claims. *See* Am. Compl., Docket No. [35]. Those claims may be briefly summarized as follows:

- **COUNT I – FIRST AMENDMENT CLAIM.** Plaintiff alleges that Defendants infringed her right to free speech in violation of the First Amendment by retaliating against her for her personal political views, her criticism of Voice of America management and failure to adhere to its mission to promote freedom in Iran, and other unspecified speech (the "First Amendment Claim"). *Id.* ¶¶ 10-12.[2]

- **COUNT II – FIFTH AMENDMENT CLAIM.** Plaintiff alleges that Defendants violated her Fifth Amendment right to due process by "covering up and deny[ing] her relief for sexual harassment," "retaliating against her to try and keep her quiet, destroy her mentally and physically and to force her out," and by tampering with, intimidating, and obstructing material witnesses to the alleged sexual harassment (the "Fifth Amendment Claim"). *Id.* ¶¶ 13-15.

- **COUNT III – FOURTEENTH AMENDMENT CLAIM.** Plaintiff alleges that Defendants impermissibly discriminated against her on the basis of her gender and national origin, facilitated the acts of sexual harassment, and retaliated against her for exercising her constitutional rights in violation of the Fourteenth Amendment's Equal Protection Clause (the "Fourteenth Amendment Claim"). *Id.* ¶¶ 16-18.

- **COUNT IV – FOURTH AMENDMENT CLAIM.** Plaintiff alleges that Defendants violated her Fourth Amendment right to be secure in her person and property by

---

[2] Although misnumbered, the Court shall refer to the paragraph numbers used in the Amended Complaint.

allowing her co-worker to assault and sexually harass her and by unlawfully "confiscating" her paychecks (the "Fourth Amendment Claim"). *Id.* ¶¶ 19-22.

- **COUNT V – REHABILITATION ACT CLAIM.** Plaintiff alleges that Defendants denied her request for a reasonable medical accommodation to be detailed to the Voice of America Los Angeles office in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq*. (the "Rehabilitation Act Claim"). *Id.* ¶¶ 23-28.

- **COUNT VI – PRIVACY ACT CLAIM.** Plaintiff alleges that Defendants failed to timely produce records she requested in violation of the Privacy Act of 1974, 5 U.S.C. § 552a. (the "Privacy Act Claim"). *Id.* ¶¶ 28-31.

- **COUNT VII – WAGNER INJUNCTIVE RELIEF.** Plaintiff alleges that she is entitled to interim injunctive relief during the pendency of an administrative proceeding and this litigation under *Wagner v. Taylor*, 836 F.2d 566 (D.C. Cir. 1987) (the "*Wagner* Injunctive Relief"). *Id.* ¶¶ 31-33.

B.  *Plaintiff's Claim for* Wagner *Injunctive Relief*

Early in this action, Plaintiff filed a Motion for a Temporary Restraining Order and/or Preliminary Injunction. *See* Docket No. [11]. On June 1, 2010, this Court denied Plaintiff's request for a temporary restraining order. *See Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2195799 (D.D.C. June 1, 2010). On July 7, 2010, the Court also denied Plaintiff's request for a preliminary injunction. *See Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2679901 (D.D.C. July 7, 2010). In the course of rendering these two decisions, the Court held, *inter alia*, that Plaintiff was not entitled to *Wagner* Injunctive Relief because she failed to show irreparable harm, a substantial likelihood of success on the merits, or the balance of the equities in her favor, and because the relief she sought would in fact alter, rather than preserve, the *status quo*. *Id.* at *15-24. Plaintiff did not appeal the Court's decision denying her request for preliminary relief.

## C. Defendants' Dispositive Motion

On June 15, 2010, Defendants moved to dismiss five of the seven claims in this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6);[3] Defendants simultaneously moved for summary judgment on a sixth claim – *i.e.*, Plaintiff's Privacy Act Claim (Count VI). *See* Defs.' Notice of Mot. to Dismiss or in the Alternative for Summ. J., Docket No. [45], at 1-2. With respect to the Privacy Act Claim, Defendants asserted that Plaintiff could not recover under the Privacy Act because she failed to exhaust her administrative remedies by bringing suit prior to a final determination and without first filing an administrative appeal. *See* Defs.' Mem. in Supp. of Mot. to Dismiss or in the Alternative for Summ. J., Docket No. [45], at 17-18. Defendants also argued that Plaintiff's request for certain records actually fell under the Freedom of Information Act, 5 U.S.C. §§ 552 *et seq.*, and Plaintiff failed to exhaust her administrative remedies under that statute as well. *See id.* at 18-21.

On July 14, 2010, Plaintiff moved for a two-week extension of time to respond to Defendants' Motion to Dismiss. *See* Pl.'s Mot. for Extension, Docket No. [64]. By Minute Order, Plaintiff was granted an extension to and including July 28, 2010 to file her opposition papers. *See* Min. Order (July 27, 2010). Instead of filing an opposition to Defendants' Motion to Dismiss, Plaintiff voluntarily dismissed without prejudice five of the seven claims asserted in the Amended Complaint. *See* Pl.'s Notice of Voluntary Dismissal of Certain Counts Without Prejudice, Docket No. [67]; Pl.'s Errata to Correct Notice of Voluntary Dismissal, Docket No.

---

[3] Specifically, Defendants moved to dismiss Plaintiff's First Amendment Claim (Count I), Fifth Amendment Claim (Count II), Fourteenth Amendment Claim (Count III), and Fourth Amendment Claim (Count IV). *See* Defs.' Notice of Mot. to Dismiss or in the Alternative for Summ. J., Docket No. [45].

4

[68]. Specifically, Plaintiff dismissed her First Amendment Claim (Count I), her Fifth Amendment Claim (Count II), her Fourteenth Amendment Claim (Count III), her Fourth Amendment Claim (Count IV), and her Rehabilitation Act Claim (Count V), leaving as open "claims" in this action only Plaintiff's Privacy Act Claim (Count VI) and her request for *Wagner* Injunctive Relief (Count VII).[4]  *Id.*

   D.   The Court's Dismissal Order

On October 22, 2010, noting that Plaintiff, who is represented by counsel in this action, failed to file any response to Defendants' dispositive motion by July 28, 2010, or at any time in the three months thereafter, granted-in-part and denied-in-part Defendants' dispositive motion as conceded. *See* Order (Oct. 22, 2010), Docket No. [77]. Specifically, the Court granted Defendants' motion insofar as it related to Plaintiffs' Privacy Act Claim (Count VI), dismissing that claim without prejudice, and denied Defendants' motion as moot in all other respects. *Id.* There being no viable claims remaining in the case, the Court dismissed the action in its entirety. *Id.*

On October 31, 2010, Plaintiff filed the present Motion for Reconsideration. *See* Pl.'s Mot. to Reconsider Court's Dismissal Order of October 22, 2010 ("Pl.'s Mem."), Docket No. [79]. On November 24, 2010, Defendants filed an opposition. *See* Defs.' Mem. in Opp'n to Pl.'s Mot. for Reconsideration ("Def.'s Opp'n"), Docket No. [81]. Plaintiff filed a reply on December 17, 2010. *See* Pl.'s Reply to Opp'n to Mot. for Reconsideration ("Pl.'s Reply"),

---

[4] Plaintiff's original Notice of Voluntary Dismissal, dated July 28, 2010, also included Plaintiff's Privacy Act Claim (Count VI), but Plaintiff subsequently filed an Errata with the Court indicating that the claim was only "inadvertently" included. *See* Pl.'s Errata to Correct Notice of Voluntary Dismissal, Docket No. [68].

Docket No. [84]. On December 20, 2010, without first seeking the Court's leave, Plaintiff filed a second reply to Defendants' opposition. *See* Pl.'s Suppl. to Pl.'s Reply to Opp'n to Mot. to Reconsider, Docket No. [85]. The matter is now fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Although Plaintiff does not identify the basis for the relief sought, where, as here, a motion for reconsideration is filed within twenty-eight days of the challenged order, courts treat the motion as originating under Fed. R. Civ. P. 59(e). *Marbury Law Grp., PLLC v. Carl*, __ F. Supp. 2d __, 2010 WL 2977872, at *3 (D.D.C. July 27, 2010). Rule 59(e) permits a party to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). The disposition of a motion originating under Rule 59(e) is entrusted to the district court's discretion, and "need not be granted unless the district court finds there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). Although courts have "considerable discretion in ruling on a Rule 59(e) motion," *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004), such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances," *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C.2001).

## III. DISCUSSION

In support of her Motion for Reconsideration, Plaintiff ascribes four errors to the Court's Dismissal Order. Pls.' Mem. ¶¶ 1-4. The Court addresses each in turn.

Plaintiff's first ascribed error is that the Court "falsely and inaccurately" stated that she

6

conceded the dismissal of Count VII of the Complaint, pursuant to which Plaintiff alleged an entitlement to *Wagner* Injunctive Relief. Pl.'s Mem. ¶ 1. Plaintiff reasons as follows: a review of Defendants' dispositive motion reveals that they never moved to dismiss the count; therefore, the Court erred in concluding that the Count should be dismissed as conceded. *Id.* Plaintiff simply misreads the Court's decision, which is unambiguous in dismissing a single count as conceded. That count was *not* Plaintiff's claim for *Wagner* Injunctive Relief (Count VII), but rather Plaintiff's Privacy Act Claim (Count VI). *See* Order (Oct. 22, 2010), Docket No. [77], at 1; *see also Sataki v. Broad. Bd. of Governors*, 2010 WL 4260197, at *3 (D.D.C. Oct. 22, 2010).

Plaintiff's second ascribed error is that the Court's dismissal of Plaintiff's Privacy Act Claim (Count VI) was "based on a false premise." Pl.'s Mem. ¶ 2. The "false premise," so far as the Court can tell, is the assumption that Plaintiff had voluntarily dismissed Count VI. *Id.* The Court made no such assumption, and in fact expressly noted that Plaintiff had *not* dismissed her Privacy Act Claim. *Sataki v. Broad. Bd. of Governors*, 2010 WL 4260197, at *3 (D.D.C. Oct. 22, 2010). Indeed, the contrary assumption—*i.e.*, that Plaintiff's claim was still "open"—was a necessary premise of the Court's decision to dismiss that claim as conceded.

Plaintiff's third ascribed error is based on the timing of the Court's decision. Plaintiff contends that the Dismissal Order was "apparently hastily drafted and signed just one day after Plaintiff had noticed depositions in this case." Pl.'s Mem. ¶ 3. Plaintiff takes the timing of the decision as a further indication of the Court's alleged "prejudicial and other misconduct in this case," suggesting it "raises a strong inference that counsel for [Defendants] called or contacted chambers ex-parte and requested this dismissal order and the court complied." *Id.* Defendants, for their part, describe Plaintiff's allegations as "fanciful and groundless," and disclaim ever

discussing the deposition notices with the Court or having any other *ex parte* contacts with the undersigned or her staff. Def.'s Opp'n at 3. Plaintiff's spurious allegations are, unfortunately, par for the course, *see generally Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 3999088 (D.D.C. Oct. 13, 2010), and merit little response. The allegations are both false and unsupported.

Plaintiff's fourth ascribed error is related. Plaintiff asserts that the "entire sequence of events further supports the appearance and actual existence of extra-judicial bias in this case," and maintains that the above-described "errors" were "intentional, wanton and malicious and designed to further harm Plaintiff and her counsel." Pl.'s Mem. ¶ 4. Again, Plaintiffs allegations are both false and unsupported. They have been addressed in multiple prior order of this Court, *see, e.g.*, *Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 3999088 (D.D.C. Oct. 13, 2010), and the Court shall not revisit them here.

In her reply papers, Plaintiff also raises a fifth alleged error. Specifically, Plaintiff (apparently) contends that the Court erred in dismissing the action in its entirety because she still had a viable cause of action for *Wagner* Injunctive Relief. Pls.' Reply ¶¶ 1-4. There are at least two problems with this argument. First, because it was raised for the first time on reply, the Court shall disregard the argument. *See Baloch v. Norton*, 517 F. Supp. 2d 345, 348 n.2 ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court [may] either ignore those arguments . . . or provide the non-movant with an opportunity to respond."), *aff'd*, 550 F.3d 1191 (D.C. Cir. 2008).[5] Second, even if the Court were to consider

---

[5] Plaintiff attempts to style her reply as a response to an argument raised by Defendants in their opposition papers, Pl.'s Reply ¶ 1, but no reasonable reading of Defendants' opposition would support Plaintiff's interpretation. *See* Defs.' Opp'n at 2-3.

the argument, it would not warrant a different result. The Court denied Plaintiff's request for a temporary restraining order on June 1, 2010, *Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2195799 (D.D.C. June 1, 2010), and denied her request for a preliminary injunction on July 7, 2010, *Sataki v. Broad. Bd. of Governors*, __ F. Supp. 2d __, 2010 WL 2679901 (D.D.C. July 7, 2010). In both instances, the Court held that Plaintiff was not entitled to *Wagner* Injunctive Relief. Plaintiff, it seems, is laboring under a misapprehension as to the nature of her "claim" for *Wagner* Injunctive Relief which, strictly speaking, is not a claim at all. Rather, pursuant to the D.C. Circuit Court of Appeal's decision in *Wagner v. Taylor*, 836 F.2d 566. 570, (D.C. Cir. 1987), "federal courts are authorized to afford *interim* injunctive relief against retaliatory transfers and other acts of reprisal while the administrative and judicial processes are ongoing" (emphasis added). The relief is, by definition, preliminary. By denying Plaintiff's request for such relief, Plaintiff's "claim," to the extent it may be characterized as such, was effectively extinguished. Accordingly, in rendering the Dismissal Order, the Court correctly noted that, because that relief had already been denied, there were no viable claims remaining in the action. *Sataki v. Broad. Bd. of Governors*, Slip Copy, 2010 WL 4260197, at *3 (D.D.C. Oct. 22, 2010). Therefore, the Court did not err in dismissing this action in its entirety.

## IV. CONCLUSION

Upon consideration of the alleged errors identified by Plaintiff, the Court concludes that Plaintiff has failed to discharge her burden of establishing the "extraordinary circumstances" required to justify relief from judgment. *Niedermeier*, 153 F. Supp. 2d at 28. In addition, although the foundation of the Court's Dismissal Order—which treated Defendants' dispositive motion, as it related to Plaintiff's Privacy Act Claim, as conceded based upon Plaintiff's failure

9

to oppose the motion in the time prescribed by Local Rule LCvR 7(b)—is left conspicuously unaddressed in Plaintiff's Motion for Reconsideration, the Court observes that district courts routinely deny reconsideration under similar circumstances. *See, e.g.*, *Ficken v. Golden*, 696 F. Supp. 2d 21, 35-36 (D.D.C. 2010). For the foregoing reasons, the Court shall DENY Plaintiff's [79] Motion for Reconsideration. An appropriate Order accompanies this Memorandum Opinion.

Date: December 21, 2010

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge